UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL LEEPER,

       Plaintiff,

v.                                   Case No. 05-71264

HOME DEPOT U.S.A., INC.,             HONORABLE AVERN COHN

       Defendant.

_____/

**MEMORANDUM AND ORDER**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**AND DISMISSING CASE**

**I. Introduction**

This is a race discrimination case under the Elliott-Larsen Civil Rights Act (ELCRA), MICH. COMP. LAWS § 37.2201, et seq. Plaintiff Darryl Leeper (Leeper) is suing Defendants Home Depot U.S.A., Inc. (Home Depot) and Amy, a Home Depot employee, for (1) wrongful discharge and (2) defamation.

Before the Court is Home Depot's Motion for Summary Judgment. For the reasons that follow, the motion is GRANTED and this case is DISMISSED.

**II. Background[1]**

Leeper is an African-American male who was hired by Home Depot's North Flint, Michigan, store as a part-time sales associate in the building materials department on April 8, 2003. On May 5, 2003, Amy Morgan Jones (Jones), a sales specialist at the

_____

[1] The background is taken from Home Depot's Statement of Material Facts Not in Dispute. Leeper did not file a Counter Statement of Disputed Facts.

store, verbally complained to Anne Sheldon (Sheldon), the store's human resources manager, about Leeper's conduct toward her, including inappropriate touching and comments. Sheldon asked Jones to submit a written statement documenting her verbal complaint. One day later, another female associate at the store complained to Sheldon about similar conduct Leeper directed at her. This associate, however, did not feel comfortable preparing a written statement.

After speaking with Jones and the second employee to complain about Leeper, Sheldon spoke with Ron Meyers (Meyers), Home Depot's district human resources manager, to recommend that Leeper be terminated. Meyers decided to terminate Leeper for violation of Home Depot's respect policy. Leeper admitted during his deposition that he received training on, inter alia, Home Depot's "Respect for All People" policy. Leeper Dep. at 23-26.

On May 7, 2003, Sheldon met with Leeper regarding the complaints against him. Leeper denied engaging in offensive conduct. Also on that day, Sheldon signed a form describing the two complaints and noting that "Darryl is in his 90 days probationary period." Sheldon also signed a form titled "Associate Action Notice," indicating that Leeper was terminated effective May 5, 2003 for "unethical conduct."

### III. Discussion

### A. Legal Standard

Summary judgment will be granted when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to

2

find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The nonmoving party may not rest upon his pleadings; rather, the nonmoving party's response "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Showing that there is some metaphysical doubt as to the material facts is not enough; "the mere existence of a scintilla of evidence" in support of the nonmoving party is not sufficient to show a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Rather, the nonmoving party must present "significant probative evidence" in support of its opposition to the motion for summary judgment in order to defeat the motion. See Moore v. Philip Morris Co., 8 F.3d 335, 340 (6th Cir. 1993); see also Anderson, 477 U.S. at 249-50. Additionally, and significantly, "affidavits containing mere conclusions have no probative value" in summary judgment proceedings. Bsharah v. Eltra Corp., 394 F.2d 502, 503 (6th Cir. 1968).

The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." In re Dollar Corp., 25 F.3d 1320, 1323 (6th Cir. 1994) (quoting Anderson, 477 U.S. at 251-52). The Court "must view the evidence in the light most favorable to the non-moving party." Employers Ins. of Wausau v. Petroleum Specialties, Inc., 69 F.3d 98, 101 (6th Cir. 1995). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. See Anderson, 477 U.S. at 255. Only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law may summary judgment be

3

granted.  Thompson v. Ashe, 250 F.3d 399, 405 (6th Cir. 2001).

## B. Analysis

### 1. ELCRA Claim

Home Depot says that Leeper has no direct evidence of race discrimination and that he cannot establish a prima facie case of race discrimination under ELCRA. Leeper's response to Home Depot's motion is inadequate at best and fails to satisfy the burden necessary to defeat a motion for summary judgment.[2]  As examples, Leeper makes the following conclusory statements in response to Home Depot's brief:

- Plaintiff's direct and circumstantial evidence of race discrimination relies on the factual circumstances that two white females claim he conducted himself in a manner which he did not, and those lies can fairly be inferred to be to arise as a result of racial discrimination. Pl. Br. at 4.

- Under the ELCRA the Plaintiff otherwise was performing his job in an excellent manner, based upon his job evaluations to the date of his discharge when this incident was alleged, meeting his employers legitimate expectations.  Id.

- If the two claims by the two Caucasian females against him were false, what other legitimate inference can be made but that they were discriminating against a very large, bearded, Afro American Male, who, admittedly, is a very big man.  Id.

In short, Leeper did not present "significant probative evidence" in support of his

---

[2] Indeed, Leeper's response brief begins by incorporating by reference his complaint and then referring in detail to Home Depot's answer.  Leeper then proceeds to cite paragraphs of case law related to the summary judgment standard and a discrimination claim under ELCRA.  He does not, however, make any legal arguments or apply the relevant legal standards to the facts of record.  Leeper's response brief is replete with conclusory statements that have no citations to the record or any other evidentiary support.  Finally, Leeper's brief violates the formatting requirements for papers filed with the Court because the text is single spaced rather than double spaced. See E.D. Mich. LR 5.1(a).

opposition to Home Depot's motion for summary judgment.  See Moore, 8 F.3d at 340.

He simply failed to present any evidence whatsoever to defeat Home Depot's motion.

## 2. Defamation Claim

Count II of Leeper's complaint appears to center on Jones' complaint about

Leeper to Sheldon.  Home Depot says that Leeper is time barred from presenting this

claim.  Under Michigan law, a defamation action accrues at the time of publication,

regardless of whether the defamed individual is aware of the publication.  Hawkins v.

Justin, 109 Mich. App. 743, 746 (1981).  Here, the alleged publication occurred in May

2003.  Leeper filed the complaint on February 25, 2005.  Michigan law imposes a one-

year statute of limitations on defamation claims.  MICH. COMP. LAWS § 600.5805(9);

Wilson v. Knight-Ridder Newspapers, Inc., 190 Mich. App. 277, 279 (1991).

Accordingly, Leeper's defamation claim is precluded by the statute of limitations.

Leeper did not challenge Home Depot's argument on this issue in his response brief.

SO ORDERED.


Dated:  February 2, 2006                   s/Avern Cohn_____
                                           AVERN COHN
                                           UNITED STATES DISTRICT JUDGE



I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, February 2, 2006, by electronic and/or ordinary mail.


                                           s/Julie Owens_____
                                           Case Manager
                                           (313) 234-5160